IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| LAQUISHA BONITA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:12-01479 |
| | ) |
| ALDERSON FEDERAL PRISON CAMP | ) |
| HSU MEDICAL STAFF, | ) |
| | ) |
| Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 5.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 5) be denied and this matter be dismissed.

**FACTS AND PROCEDURE**

On May 10, 2012, Plaintiff, acting *pro se*, filed her letter-form Complaint claiming entitlement to relief pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*[1] (Document No. 1.) Plaintiff alleges that the medical staff at FPC Alderson provided negligent medical treatment after she suffered first degree burns on February 9, 2011. (Id., p. 5.)

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Specifically, Plaintiff states as follows:

> I, Laquisha Davis, filed a tort claim after being burned by hot water. I filed it for lack of medical attention and unnecessary pain and suffering. On February 9, 2011, I had a cup of hot water knocked on me by a swinging bathroom door. Penny Schaff, another inmate pushed the door instead of pulling which caused me to get burned. I went and reported it to the officer (Ms. Smoll) who called it in and was told to send me to medical. Medical would not see me until the following day and I didn't get the cream to put on it until 1:00 p.m. It had been 18 ½ hours since I had been burned which blistered immediately. I was burned in the face, on the neck and chest area.

(Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a letter from the Fourth Circuit Court of Appeals addressed to Plaintiff dated April 20, 2012 (Id., p. 1.); (2) A copy of a letter from Plaintiff addressed to the Clerk of the Court of Appeal of Virginia dated February 3, 2012 (Id., p. 2.); (3) A copy of a letter from the Court of Appeals of Virginia addressed to Plaintiff dated January 26, 2012 (Id., p. 3.); (4) A copy of a letter from the Clerk of Circuit Court of Greenbrier County addressed to Plaintiff dated January 11, 2012 (Id., p. 4.); (5) A copy of a "Receipt - Administrative Remedy" dated August 9, 2011, from the Central Office's Administrative Remedy Coordinator (Id., p. 6.); and (6) A copy of a letter from the United States Department of Justice dated January 30, 2011, regarding the denial of Plaintiff's Tort Claim No. TRT-MXR-2011-04487 (Id., pp. 7 - 8.).

On July 3, 2012, Plaintiff filed her Form Complaint. (Document No. 4.) The undersigned notes that Plaintiff's Form Complaint contains nearly identical allegations as set forth in her letter-form Complaint. (Id., p. 4.) As relief, Plaintiff requests monetary damages for her pain and suffering. (Id., p. 5.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On

screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA, however, does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

In the present case, Plaintiff alleges that Defendant's negligent acts occurred in the State of

West Virginia. Accordingly, West Virginia State law applies. Under West Virginia law, a plaintiff must satisfy certain prerequisites prior to filing suit against a health care provider. Specifically, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to filing suit. W. Va. Code § 55-7B-6.[2] Compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. Stanley v. United States, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004); also see Starns v. United States, 923 F.2d 34 (4th Cir. 1991)(holding that Virginia's medical malpractice liability cap applies to claims brought against the United States under the FTCA). West Virginia

---

[2] West Virginia Code § 55-7B-6 provides the following in pertinent part:

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying the provisions of this section.

(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of Rule 15 of the Rules of Civil Procedure.

Code § 55-7B-6(c), however, provides that no screening certificate of merit is necessary where "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care."

Under West Virginia law, "[i]t is the general rule that in medical malpractice cases, negligence or want of professional skill can be proved only by expert witnesses." Syllabus Point 2, Roberts v. Gale, 149 W.Va. 166, 139 S.Ed.2d 272 (1964). Expert testimony, however, is not required "where the lack of care or want of skill is so gross as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience." Farley v. Shook, 218 W.Va. 680, 629 S.E.2d 739 (2006). The MPLA provides as follows concerning claims "based upon a well-established legal theory of liability":

> Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

West Virginia Code § 55-7B-6(c). In Johnson v. United States, 394 F.Supp.2d 854, 858 (S.D.W.Va. 2005), the Court held that plaintiff's statement on his administrative claim form alleging improper surgical implantation of a prosthesis satisfied the provisions of the MPLA permitting the filing of a claim without submitting a certificate of merit. Id. The Court reasoned that plaintiff's claim was based upon a well-established legal theory of liability and expert testimony was not required to show a breach of the standard of care because plaintiff stated on his form that the surgeon "implanted the too large Prosthesis backward causing diminished bloodflow and subsequent Necrosis and

5

infection." Id. at 858.

Unlike the facts in Johnson, Plaintiff does not allege lack of care so gross as to be apparent or a breach that relates to non-complex matters of diagnosis and treatment. See O'Neil v. United States, 2008 WL 906470 (S.D.W.Va. Mar. 31, 2008)(finding that plaintiff was not excused from filing a screening certificate of merit because the treatment and diagnosis of Graves disease, hyperthyroidism, congestive heart failure, and cardiomyopathy, are not within the understanding of lay jurors by resort to common knowledge and experience); also see Giambalvo v. United States, 2012 WL 984277 * 4 (N.D.W.Va. March 22, 2012)(finding that *Johnson* "is a rare exception to 'the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.'"). In the instant case, it appears that medical staff at FPC Alderson evaluated and provided treatment such as instructing Plaintiff to apply cold water and cream to the burns. (Document No. 4, pp. 4 - 5.) Plaintiff, however, contends that medical staff provided inadequate and delayed treatment, which resulted in unnecessary pain and suffering. Plaintiff further alleges that medical staff were negligent in failing to refer her to a dermatologist for additional treatment. Expert testimony is necessary to support a finding that the medical treatment provided by medical staff at FPC Alderson fell below the applicable standard of care. The undersigned finds that what constitutes timely and appropriate treatment for a first degree burn, and when a burn requires the treatment from a specialist, is not within the understanding of lay jurors by resort to common knowledge and experience. See Williams v. Nelson, 2012 WL 3744759 (S.D.W.Va. June 6, 2012)("Expert testimony is necessary to support any finding that the medical treatment provided by the staff at FPC Alderson fell below the applicable standard of care and that Plaintiff suffered 'permanent burns' as a result of their negligence.") Accordingly, Plaintiff is not excused from filing a screening certificate of merit pursuant to West Virginia Code § 55-7B-6(c). The undersigned,

therefore, recommends that Plaintiff's Complaints be dismissed.[3]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 5.), **DISMISS** Plaintiff's Complaint (Document Nos. 1 and 4.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

---

[3] To the extent Plaintiff is attempting to assert an Eighth Amendment claim, the undersigned finds that it should be dismissed. To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). To satisfy the subjective component, a plaintiff must allege each defendant's consciousness of the risk of harm to plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 840, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994). In the instant case, Plaintiff fails to name prison officials that knew of and disregarded an excessive risk to her health or safety. Plaintiff further acknowledges that she received treatment, Plaintiff merely claims that she disagrees with the treatment she received. An inmate's disagreement with her medical care for an objectively serious medical injury generally will not constitute a sufficient basis for a constitutional claim. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). "[T]he Fourth Circuit has observed that an inmate's treatment may be limited to what is medically necessary as opposed to 'that which may be considered merely desirable' to the inmate." *Malcomb v. Raja*, 2010 WL 3812354, at * 1 - 2 (S.D.W.Va. Sept. 22, 2010)(quoting *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: April 16, 2015.

R. Clarke VanDervort
United States Magistrate Judge